**Blenda RAMIREZ, Plaintiff–Appellant,**

v.

**Billy MIXSOOKE, Defendant–Appellee.**

**No. 93CA1607.**

Colorado Court of Appeals, Div. II.

Aug. 25, 1994.

As Modified on Denial of Rehearing Sept. 22, 1994.

Worstell & Dunning, Neal K. Dunning, Denver, for plaintiff-appellant.

Norman & Mirabella, P.C., Michael J. Mirabella, Lakewood, for defendant-appellee.

Opinion by Judge PIERCE *.

The plaintiff, Blenda Ramirez, appeals a judgment entered in favor of defendant, Billy Mixsooke. We reverse and remand with directions.

Plaintiff sued to recover damages for injuries she suffered when an automobile in which she was riding collided with a vehicle driven by defendant. In his answer, defendant asserts that he lost control of his automobile after it struck a piece of debris. Aided by the proportionate fault statute, § 13–21–111.5(2), C.R.S. (1987 Repl.Vol. 6A), he designated as a non-party-at-fault "the owner of the vehicle from which the debris on the roadway came from." (sic)

Trial to a jury resulted in a verdict which found the defendant negligent and that that was a cause of the accident. However, the

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

jury also found the nonparty, an unknown person leaving debris on the highway, negligent and a cause of the accident and attributed 100% of the total fault to the nonparty.

The testimony of the defendant was that he struck some piece of debris in the roadway which appeared to him to be probably a piece of tire tread, which caused his vehicle to go out of control. A passenger in plaintiff's vehicle testified that she saw an object come up in the air from behind defendant's vehicle that was flat and appeared to be a piece of roofing, but she conceded that it might have been a piece of tire tread.

There was no mention of such an object in the police report, and none of the parties or anyone else searched for or found any such object after the accident. There was no evidence of any kind presented as to how the object, whatever it was, came to be on the highway.

The following instruction was given to the jury:

§ 42–4–1207. Foreign matter on highway prohibited.

(1) No person shall throw or deposit upon any highway any glass bottle, glass, stones, nails, tacks, wire, cans, or other substance likely to injure any person, animal, or vehicle upon such highway.

(2) Any person who drops, or permits to be dropped or thrown, upon any highway or structure any destructive or injurious material or lighted or burning substance shall immediately remove the same or cause it to be removed.

§ 42–4–1208. Spilling loads on public highway prohibited.

No vehicle shall be driven or moved on any highway unless any vehicle is constructed or loaded or the load thereof securely covered to prevent any of its load from dropping, shifting, leaking, or otherwise escaping therefrom; except that sand may be dropped for the purpose of securing traction or water or other substance may be sprinkled on the roadway in cleaning or maintaining such roadway.

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

A violation of these statutes constitutes negligence.

If you find such a violation, you may only consider it if you also find that it was a cause of the claimed injuries.

Plaintiff asserts that the giving of this instruction was improper because there was insufficient evidence to establish the source of the debris on the highway or that it came to be on the highway as a result of the violation of the statutes set forth in the instruction. She therefore argues that the trial court erred in allowing an instruction regarding a nonparty as being at fault because of lack of evidence. We agree.

The statutes involved do not create a presumption that any foreign matter that appears on a highway was placed there through someone's negligence. *See* Benson, *Application of the Pro Rata Liability, Comparative Negligence and Contribution Statutes,* 23 Colo.Law. 1717 (August 1994).

Here, for negligence per se to exist under the statutes there must be evidence that a person or vehicle was involved in placing or depositing the foreign object on the roadway.

The only way that negligence of a nonparty could be found to be present here would be by application of pure speculation, surmise, or conjecture. Liability cannot be founded on such a basis. *Gordon v. Clotsworthy,* 127 Colo. 377, 257 P.2d 410 (1953).

Furthermore, the instructional error here cannot be said to be harmless. It was undoubtedly the cause of the inconsistent verdict which found defendant to be negligent and a cause of the accident and then attributed 100% of the total negligence to the nonparty.

The judgment is reversed, and the cause is remanded for a new trial without the nonparty instruction unless evidence is presented that would justify such an instruction.

CRISWELL and TAUBMAN, JJ., concur.