**E. David WRIGHT, Plaintiff–Appellant,**

v.

**VAIL RUN RESORT COMMUNITY ASSOCIATION, INC., Defendant–Appellee.**

No. 95CA0761.

Colorado Court of Appeals, Div. IV.

April 18, 1996.

Stovall Goodman Wallace, P.C., John D. Goodman, Avon, for Plaintiff–Appellant.

Younge & Hockensmith, P.C., Brent A. Carlson, Grand Junction, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this personal injury action, plaintiff, E. David Wright, appeals from a summary judgment entered by the trial court in favor of defendant, Vail Run Resort Community Association. We affirm.

While a guest at a condominium owned by a friend, plaintiff was swimming at a swimming pool on property owned, managed, and maintained by the defendant. As he was walking from the pool to a hot tub, plaintiff slipped on the brick deck and injured his foot. Plaintiff later suffered an infection from the cut on his foot, resulting in hospitalization and surgery.

Plaintiff filed an action against defendant alleging negligence and premises liability pursuant to the Landowner Liability Act

(Act), § 13–21–115, C.R.S. (1987 Repl.Vol. 6A).

Following discovery, defendant moved for summary judgment. The trial court granted the motion, and this appeal followed.

## I.

Plaintiff contends that the trial court erred in granting defendant summary judgment on his claim under § 13–21–115. We disagree.

## A.

First, plaintiff argues that the trial court erred in construing the standard of care which the Act imposes on a landowner with respect to a licensee. We perceive no error.

Section 13–21–115(3)(b), C.R.S. (1987 Repl. Vol. 6A) provides in pertinent part:

A licensee may recover only for damages caused: (I) By the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner *actually knew;* or (II) By the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner *actually knew.* (emphasis added)

Based on the quoted language, the trial court concluded that defendant cannot be held liable under the Act unless it "actually knew" of the alleged danger created by the brick deck.

Plaintiff, however, argues that the court's conclusion was in error because the term "actual knowledge" encompasses dangers that a landowner's reasonably diligent inquiry would have disclosed. We reject this argument on several grounds.

First, the construction urged by plaintiff goes beyond the plain meaning of the phrase. Legislative words and phrases should be interpreted according to their plain and obvious meaning, *People v. District Court,* 713 P.2d 918 (Colo.1986), and a forced, subtle, or strained construction should be avoided if the language is simple and its meaning is clear. *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

Here, the term "actual" commonly means something real, active, or existent, as contrasted to something potential or possible, and the term "know" means to have a cognizance, consciousness, or awareness of something. *Webster's Third New International Dictionary* 22, 1252 (1986). Applying the common meanings of the words here, we conclude that the liability of a landowner to a licensee under § 13–21–115(3)(b) is to be limited to situations in which the landowner possesses an active awareness of the dangerous condition.

Plaintiff's proposed interpretation is inconsistent with the legislative scheme of the Act. Specifically, the Act provides that it is the General Assembly's intent to impose on landowners "a higher standard of care with respect to an invitee than a licensee, and a higher standard of care with respect to a licensee than a trespasser." *See* § 13–21–115(1.5)(c), C.R.S. (1995 Cum.Supp.); *see also Lakeview Associates, Ltd. v. Maes,* 907 P.2d 580 (Colo.1995).

To this end, the General Assembly has stated that a landowner is liable: 1) to an *invitee* for damages caused by the landowner's lack of care regarding dangers of which he or she "actually knew or should have known"; 2) to a *licensee* for damages caused by the landowner's lack of care or failure to warn regarding dangers of which he or she "actually knew," and, 3) to a trespasser for damages which the landowner "willfully or deliberately caused." *See* § 13–21–115(3), C.R.S. (1987 Repl.Vol. 6A).

Inasmuch as plaintiff's interpretation of the phrase "actual knowledge" in effect imposes on the landowner a duty to protect licensees, as well as invitees, against dangers of which the landowner should have known, the interpretation ignores the General Assembly's express intent to create differing standards of care depending on the injured party's status as invitee, lessee, or trespasser. *See* § 13–21–115(1.5)(c).

Accordingly, we conclude that the trial court properly construed the standard of

care which the Act imposes on a landowner with regard to a licensee.

### B.

Next, plaintiff argues that whether defendant possessed such knowledge was a question of fact, which could not be determined by summary judgment. We disagree.

 Defendant submitted with its motion an affidavit of its general manager who had supervised the defendant's employees, had overseen all maintenance and repairs of the property, and had personally handled or overseen the handling of any major complaints from owners or guests relating to the property. The general manager stated in his affidavit that neither the employees charged with daily cleaning and inspection of the deck nor the thousands of owners and guests using the deck had ever reported any accidents or slips on the brick surface and that he had never received any complaints regarding the condition of the brick surface, even though it was usually wet or damp and people crossed it barefoot.

In response to this affidavit, plaintiff submitted his own affidavit detailing his observations of the deck. Moreover, he submitted his expert's observations as to the condition of the deck and his expert's conclusion that "[defendant] had knowledge" of the dangerous condition posed by the deck.

Plaintiff's affidavits, even when considered in conjunction with defendant's answers and responses to interrogatories and admissions, fail to state any specific facts from which a reasonable jury could conclude that defendant had actual knowledge that the brick deck created a dangerous condition. Thus, plaintiff has failed to meet his burden under C.R.C.P. 56(c) to demonstrate that a real controversy on this issue existed. *See Ginter v. Palmer & Co.,* 196 Colo. 203, 585 P.2d 583 (1978).

Because proof of actual knowledge is necessary to establish a claim against defendant for liability under § 13–21–115(3), the trial court properly concluded that plaintiff's fail-

ure to controvert defendant's affidavits on this issue entitled defendant to summary judgment.

The judgment is affirmed.

STERNBERG, C.J., and MARQUEZ, J., concur.