**Barnaby PEDGE and Uplink Computing Solutions, Inc., Plaintiffs–Appellees,**

v.

**RM HOLDINGS, INC., a New Mexico corporation, and Vantage Point Office Park Association, a Colorado corporation, jointly and severally, Defendants–Appellants.**

No. 01CA2239.

Colorado Court of Appeals,
Div. V.

Dec. 19, 2002.

Stoorman & Associates, PC, Samuel J. Stoorman, Peggy J. Hoyt–Hoch, Denver, Colorado, for Plaintiffs–Appellees.

Lapin & Associates, P.C., James B. Lapin, Marguerite N. Conboy, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge ROTHENBERG.

In this personal injury action, defendants, R.M. Holdings, Inc. and Vantage Point Office Park Association, appeal the judgment entered on a jury verdict in favor of plaintiffs, Barnaby Pedge and Uplink Computing Solutions, Inc. (collectively Pedge). The primary issue in this appeal is whether unidentified or unknown persons may be designated as nonparties pursuant to Colorado's pro rata apportionment statute, § 13–21–111.5, C.R.S. 2002. Because we conclude they may be so designated, we reverse the judgment and remand for a new trial.

At all times relevant here, Pedge was the president and sole owner of Uplink Computing Solutions, Inc., a computer consulting business located in Boulder, Colorado. In April 1999, Pedge was assaulted outside his office early one morning by an unknown assailant. He later brought this premises liability action against the landlord, R.M. Holdings, and the association that manages the office complex, Vantage Point.

Before trial, defendants filed a designation of nonparties pursuant to § 13–21–111.5, designating "any or all customers or employees of the Plaintiffs or other unidentified persons who may be the person or persons responsible for striking ... Pedge." The trial court granted Pedge's motion to strike the designation, accepting his reasoning that it was "so vague and over-broad as to be a nondesignation." At the close of evidence, the trial court refused defendants' request that the jury be instructed to consider the fault of the unidentified nonparty assailant.

As relevant here, over defendants' objection, the trial court also concluded Pedge was an invitee with respect to Vantage Point and instructed the jury accordingly.

I.

Defendants contend the trial court erred in striking their nonparty designation pursuant to § 13–21–111.5(3)(b), C.R.S.2002. We agree.

Section 13–21–111.5(3)(b) provides in relevant part:

Negligence or fault of a nonparty may be considered if ... the defending party gives

notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action.... The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or *the best identification of such nonparty which is possible under the circumstances,* together with a brief statement of the basis for believing such nonparty to be at fault.

(Emphasis added.)

■ In civil liability cases, § 13–21–111.5 allows defendants to designate as a nonparty at fault an individual or entity "wholly or partially at fault" for the damages alleged by the plaintiff. This designation ensures that parties found liable will not be responsible for more than their fair share of the damages. *Stone v. Satriana,* 41 P.3d 705 (Colo. 2002).

■ The statute also allows tortfeasors who commit intentional torts to be designated as nonparties for the purposes of apportioning liability. *See Slack v. Farmers Ins. Exch.,* 5 P.3d 280 (Colo.2000).

■ Before the finder of fact may consider the negligence or fault of a nonparty, the issue must be properly raised by a defendant in a pleading that complies with § 13–21–111.5(3), C.R.S.2002. *Thompson v. Colo. & E. R.R. Co.,* 852 P.2d 1328 (Colo.App.1993). Whether defendants' nonparty designation complied with the requirements of § 13–21–111.5(3) is a question of law that we review de novo. *Fazio v. State Farm Mut. Auto. Ins. Co.,* 55 P.3d 229 (Colo.App.2002).

■ We reject Pedge's contention that he was given insufficient notice of the identity of the nonparty. The identity of Pedge's assailant or assailants is unknown, but it is undisputed that someone assaulted Pedge. While we acknowledge that designating an unknown party with sufficient particularity may be difficult, we conclude that defendants' nonparty designation sufficiently complied with § 13–21–111.5(3), and that the designation of the unidentified assailant or assailants alleged a sufficient basis for believing the nonparty or nonparties to be wholly or partially at fault. Hence, the nonparty designa-

tion issue was properly raised here by defendants.

■ Contrary to Pedge's contention, we also conclude *Young v. Clark,* 814 P.2d 364 (Colo.1991), supports our determination that unidentified or unknown persons may be designated as nonparties pursuant to Colorado's pro rata apportionment statute.

In *Young,* the supreme court considered whether the sudden emergency doctrine is compatible with the designation of nonparties under § 13–21–111.5(3). There, the defendant rear-ended the plaintiff after an unidentified driver swerved into plaintiff's lane, causing the plaintiff to apply the brakes suddenly. The defendant designated the unidentified driver as a nonparty.

Although the supreme court did not address the exact issue before us, it expressly noted that "the designation of the unidentified driver ... enabled [the defendant] to present evidence in support of her theory that she was not at fault for creating the emergency situation." *Young v. Clark, supra,* 814 P.2d at 369; *cf. Ramirez v. Mixsooke,* 907 P.2d 617 (Colo.App.1994)(panel assumed propriety of defendant's designation of unidentified nonparty under § 13–21–111.5(3)).

A number of other jurisdictions have upheld the designation of unidentified nonparties, and we are persuaded by their reasoning. *See Bartlett v. New Mexico Welding Supply, Inc.,* 98 N.M. 152, 646 P.2d 579 (Ct.App.1982)(under analogous state statute, defendant may designate unknown "phantom" driver as nonparty); *Paul v. N.L. Indus., Inc.,* 624 P.2d 68 (Okla.1980)(noting it is accepted practice to include all tortfeasors in the apportionment question, including phantom drivers, unknown tortfeasors, and persons alleged to be negligent but not liable for damages); *Jacobs v. Milwaukee & Suburban Transp. Corp.,* 41 Wis.2d 661, 165 N.W.2d 162 (1969)(fact finder permitted to apportion liability to unknown driver); *see also* Kurt G. Stiegelmeier, *Designation of Immune, Nonliable and Unknown Nonparties,* 22 Colo. Law. 31 (Jan.1993)(designation of unknown nonparties is consistent with plain language of the statute and long-established practice of designating unknown defendants as "John

Does"). *But see Veazey v. Elmwood Plantation Assocs., Ltd.,* 650 So.2d 712 (La.1994); *Field v. Boyer Co.,* 952 P.2d 1078 (Utah 1998).

Accordingly, we conclude the trial court erred in striking defendants' designation and in refusing to instruct the jury to consider the fault of the unidentified nonparty or nonparties, and we reverse and remand for a new trial.

## II.

Because it will arise on remand, we also address Vantage Point's contention that the trial court erred in determining Pedge was an invitee, rather than a licensee, with respect to it. We disagree.

An invitee is a person who enters or remains on the land of another to transact business in which the parties are mutually interested. Section 13–21–115(5)(a), C.R.S. 2002. An invitee may recover for damages caused by the landowner's failure to exercise reasonable care to protect against dangers of which the landowner actually knew or should have known. Section 13–21–115(3)(c)(I), C.R.S.2002.

A licensee is one who enters or remains on the land of another for the licensee's own convenience or to advance his or her own interests, pursuant to the landowner's permission or consent. Section 13–21–115(5)(b), C.R.S.2002. A licensee includes a social guest. Section 13–21–115(5)(b).

In *Maes v. Lakeview Associates, Ltd.,* 892 P.2d 375 (Colo.App.1994), *aff'd,* 907 P.2d 580 (Colo.1995), a division of this court held a tenant of an apartment complex was an invitee for purposes of a premises liability claim against both the landowner and the management company. The tenant was determined to be a customer of both the landowner and management company and to have had a continuing, mutually beneficial business relationship with both parties. Thus, the *Maes* division concluded the tenant could seek damages based on the alleged failure of the landowner and the management company to exercise reasonable care to protect against dangers they knew or should have known.

Similarly, here, Pedge was a tenant of R.M. Holdings, and he paid for and benefited from the services provided by Vantage Point.

Contrary to Vantage Point's assertion, *Wright v. Vail Run Resort Community Ass'n,* 917 P.2d 364 (Colo.App.1996), does not support the position that Pedge was a licensee with respect to Vantage Point. In *Wright,* a division of this court held that the social guest of a condominium owner was a licensee with respect to the community association that maintained the area where the plaintiff was injured. This holding is consistent with § 13–21–115(5)(b), which provides that a social guest is a licensee.

■ Here, however, Pedge was not a social guest. He was a tenant, and we conclude the trial court did not err in determining he was an invitee of Vantage Point. In so holding, we note that R.M. Holdings concedes Pedge was an invitee with respect to it.

The judgment is reversed, and the case is remanded for further proceedings in accordance with the views expressed in this opinion.

Judge TAUBMAN and Judge WEBB concur.