23CA2052 Torres v Barnhart 07-03-2025

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 23CA2052
El Paso County District Court No. 22CV30633
Honorable Gregory R. Werner, Judge

_____

Melissa Torres,

Plaintiff-Appellant,

v.

Matthew Barnhart,

Defendant-Appellee.

_____

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE MOULTRIE
J. Jones and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

_____

Blain Myhre LLC, Blain Myhre, Englewood, Colorado, for Plaintiff-Appellant

Pearl Schneider Young, LLC, Mark Gauthier, Lakewood, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, Melissa Torres, appeals the judgment entered on a jury verdict finding that the defendant, Matthew Barnhart, wasn't negligent in a motor vehicle accident.  We affirm.

## I.    Background

¶ 2    In April 2019, Barnhart's vehicle collided with the back of Torres's vehicle (the collision).  The parties dispute who was at fault for the collision.

¶ 3    Torres was driving through Colorado Springs on I-25 in the northbound right-hand merge lane when a white SUV cut her off, causing her to brake suddenly to avoid hitting the white SUV. Barnhart was driving directly behind Torres before the collision. Barnhart testified that "[he] looked to [his] right to check to see if [he] was clear to merge," and when he looked back to the front, he saw Torres's car stopped, so "[he] slammed on the brakes [and] did what [he] could to avoid [Torres's car]."  Despite his efforts to brake, Barnhart's vehicle hit the back of Torres's vehicle.  Police responded to the scene.  Torres gave a statement to the police in which she noted that the white SUV that cut her off sped up and out of sight after the collision.

¶ 4     Three years after the collision, Torres filed a complaint in which she asserted that Barnhart's negligence caused the collision and her resulting injuries and damages.  In Barnhart's answer to the complaint, he asserted the following affirmative defense (affirmative defense statement) relevant to this appeal:

> The alleged injuries and damages, if any, were proximately caused by unforeseeable intervening acts of third parties over whom [Barnhart] had no control nor right of control. Specifically, [Barnhart] names the unknown driver of the vehicle that cut [Torres] off causing her to brake suddenly as a non-party at fault for all or part of [Torres's] claimed injuries and damages.

¶ 5     At a case management conference the week before trial, the parties asked the district court to rule on whether Barnhart's affirmative defense statement was a sufficient nonparty designation under section 13-21-111.5(3)(b), C.R.S. 2024 (the statute).  Torres's counsel argued that the affirmative defense statement in Barnhart's answer was insufficient as a nonparty designation because it failed to include the name, address, or a detailed description of the nonparty at fault, as required by the statute.  Torres's counsel also argued that Barnhart needed to disclose his nonparty designation in a pleading separate from his answer.  Barnhart's counsel

2

disagreed, arguing that the statute doesn't require a separate pleading. Barnhart's counsel also said that the name and address of the driver of the white SUV were unknown because — as Torres indicated in her statement to police — that driver fled the scene. Thus, Barnhart's counsel argued that his affirmative defense statement was a sufficient nonparty designation under the statute.

¶ 6 The court concluded that the statute doesn't require that notice of a nonparty at fault be given in a separate pleading. And relying on *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126 (Colo. App. 2002), the court concluded that Barnhart's affirmative defense statement sufficiently described the nonparty at fault.

¶ 7 The matter was tried before a jury in October 2023. At trial, Barnhart asserted that either Torres's sudden braking or the nonparty driver of the white SUV (the unknown driver) caused the collision. The jury returned a verdict in Barnhart's favor, finding that Torres had injuries, damages, or losses, but that Barnhart wasn't negligent and didn't cause any of Torres's injuries, damages, or losses. Thereafter, the court entered an "Order of Judgment" (the judgment) in Barnhart's favor regarding Torres's negligence claim.

¶ 8     Torres appeals the judgment, asserting that the court erred by concluding that Barnhart's nonparty designation was sufficient under the statute because (1) a nonparty designation must be made by filing a stand-alone document separate from a party's answer, and (2) Barnhart failed to provide the best identification of the unknown driver under the circumstances or adequately explain "why the unknown driver was at fault, i.e., negligent."

¶ 9     As discussed below, we reject Torres's first contention. We agree with Torres's second contention, but we conclude that the court's error in allowing the designation was harmless and therefore affirm the judgment.

## II.    The Nonparty Designation Statute Doesn't Require a Separate Document

### A.    Applicable Legal Principles and Standard of Review

¶ 10    Section 13-21-111.5(1) provides, in part, that

> [i]n an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss . . . .

¶ 11    And as relevant here, the statute allows a defendant to designate a negligent or at-fault nonparty as follows:

> Negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary. The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault.

§ 13-21-111.5(3)(b).

¶ 12    When we interpret a statute, "we attempt to discern the General Assembly's intent first by looking to the text of the statute and giving words and phrases their plain and ordinary meaning." *Munoz v. Am. Fam. Mut. Ins. Co.*, 2018 CO 68, ¶ 9.  "Only if the language is ambiguous do we then resort to other interpretive rules of statutory construction; if the language is clear, we apply it as written." *Id.*

¶ 13    "Statutory interpretation is a question of law that we review de novo." *Averyt v. Wal-Mart Stores, Inc.*, 2013 COA 10, ¶ 22.

5

## B.  Analysis

¶ 14  Torres asserts that a strict-construction reading of the statute requires a party to file a separate document providing notice to the opposing party of a nonparty designation.  We disagree.

¶ 15  The relevant portion of the statute says, "The notice shall be given by filing *a pleading* in the action designating such nonparty . . . ."  § 13-21-111.5(3)(b) (emphasis added).  C.R.C.P. 7(a) explicitly identifies an answer as a pleading.  The plain language of the statute doesn't require that a nonparty designation be separate from a party's answer, and we decline to read such a requirement into the statute.  *See Spahmer v. Gullette*, 113 P.3d 158, 162 (Colo. 2005).

## III.  Barnhart's Nonparty Designation Was Insufficient, But Reversal Is Not Required

### A.  Applicable Legal Principles and Standard of Review

¶ 16  The General Assembly's adoption of section 13-21-111.5 effectively abolished the concept of joint and several liability in tort cases in favor of a comparative negligence regime.  *Suydam v. LFI Fort Pierce, Inc.*, 2020 COA 144M, ¶ 40.

¶ 17   Under this comparative negligence regime, a plaintiff may designate a nonparty for the purposes of apportioning liability. *Pedge*, 75 P.3d at 1128.  However, "[b]efore the finder of fact may consider the negligence or fault of a nonparty, the issue must be properly raised by a defendant in a pleading that complies with [section] 13-21-111.5(3)."  *Id.*

¶ 18   In *Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 80 (Colo. 2001), the supreme court held, "Courts should construe designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." The *Redden* court also held that "to satisfy the third element of section 13-21-111.5(3)(b), a party must allege the basis for believing the non-party legally liable to the extent the non-party's acts or omissions would satisfy all the elements of a negligence claim."  *Id.* at 81; *see Stone v. Satriana*, 41 P.3d 705, 709 (Colo. 2002) (noting that a nonparty designation is "improper when the moving defendant fails to establish a prima facie case that the potential nonparty breached a legal duty to the plaintiff").

¶ 19   A simple statement that only supports causation doesn't satisfy the statutory requirement of an allegation of "fault or

negligence." *Redden*, 38 P.3d at 80 ("[A] claimant alleging negligence of another party must establish the existence of a duty, a breach of that duty, causation, and damages."). Rather, a proper nonparty designation "must go beyond [a] bald allegation" to "connect[] alleged facts with the established elements of negligence." *Id.* at 81.

¶ 20 We review de novo whether a defendant's nonparty designation complied with the requirements of section 13-21-111.5(3). *Pedge*, 75 P.3d at 1128. If we determine that the district court erred, we disregard the error if it did not affect the parties' substantial rights. C.R.C.P. 61; *see also* C.A.R. 35(c). We won't reverse a court's judgment "unless the party challenging the judgment shows the existence of error and that the error had a prejudicial effect." *Moody v. Corsentino*, 843 P.2d 1355, 1375 (Colo. 1993).

B. Analysis

¶ 21 Torres argues that Barnhart's nonparty designation, as contained in his affirmative defense statement, was insufficient under the statute because it lacked adequate detail identifying the unknown driver and explaining why the unknown driver was negligent. Conversely, Barnhart argues that the record supports a

8

prima facie case that the unknown driver was negligent based on the information contained in (1) the complaint; (2) the answer, which contained his admissions and affirmative defenses; (3) the case management order (CMO); (4) Torres's counsel's opening statement at trial; and (5) Torres's statement to the police after the collision. We aren't persuaded by Barnhart's reliance on the record to support his argument that his nonparty designation was sufficient and conclude that his nonparty designation was insufficient, for two reasons.

¶ 22    First, *Redden* requires strict construction of the statute. *See Redden*, 38 P.3d at 80. And Barnhart concedes that a nonparty "designation must contain facts sufficient to 'satisfy all elements of a negligence claim.'" (Quoting *id.* at 81.) This means that Barnhart was required to allege in his nonparty designation the unknown driver's duty, breach of that duty, causation, and damages. *See id.* at 80.

¶ 23    When any driver takes to the road, they have a duty to drive with reasonable care under the circumstances. *Hesse v. McClintic*, 176 P.3d 759, 762 (Colo. 2008). But Barnhart's nonparty designation only addressed causation and damages; it didn't

9

address the unknown driver's duty to Torres or breach thereof. Thus, his nonparty designation wasn't sufficient to establish the unknown driver's negligence. *See Redden*, 38 P.3d at 80 ("A designation that alleges only causation is insufficient as a matter of law . . . .").

¶ 24    Second, Barnhart fails to identify how the portions of the record he relies on in support of his position — which are primarily pleadings other than his own, the court's CMO, Torres's statement to the police, and counsel's arguments at trial — abide by the statute's plain language requirements. The statute expressly requires that *Barnhart* provide "a brief statement of the basis for believing such nonparty to be at fault" within ninety days after the start of the action. § 13-21-111.5(3)(b). Thus, another party's pleadings, the court's CMO, or the arguments presented at trial could not satisfy the statute's requirements. Moreover, Barnhart doesn't reconcile how his asserted record-supported showing of a prima facie case complies with the statute's requirement that the nonparty designation be made within ninety days of the commencement of the case, since most of the portions of the record he relies on are dated well beyond the ninety-day deadline.

¶ 25    Accordingly, we conclude that the court erred by ruling that Barnhart's nonparty designation was sufficient.

### C.    The Court's Error Was Harmless

¶ 26    Barnhart argues that, even if he didn't properly plead the nonparty designation, the court's error was harmless because the jury concluded that he wasn't negligent and didn't cause Torres's claimed injuries, damages, or losses.  We agree.[1]

¶ 27    Relying on *Paris v. Dance*, 194 P.3d 404, 406 (Colo. App. 2008), Torres asserts that the court's error in allowing Barnhart's insufficient nonparty designation wasn't harmless.  In *Paris*, a division of this court concluded, "If the designation of a nonparty is improper, it is error to admit evidence of the fault of the improperly designated nonparty."  *Id.*  Torres argues that the court's error substantially affected her rights because "there was significant evidence and argument of the unknown driver being the cause of and at fault for the accident."

---

[1] Because we agree with this argument, we decline to address Barnhart's alternative argument that Torres impliedly consented to trying the issue of the unknown driver's negligence under C.R.C.P. 15(b).

¶ 28    In *Paris*, a couple's dog bit a young girl who accompanied her mother on a visit to the couple's home. 194 P.3d at 405. The mother brought a negligence suit against the couple and the animal shelter from which the couple had adopted the dog. *Id.* The animal shelter "designated [the] mother as a nonparty at fault for failing to properly supervise the [young girl] during the visit." *Id.* at 405-06. The jury found the couple not negligent and found that the animal shelter had acted negligently, but that its negligence didn't cause the girl's injuries. *Id.* at 406. The jury did not apportion fault between the defendants and the mother. *Id.* Because of the split verdict and the jury's failure to apportion damages, the *Paris* division couldn't conclude that the district court's error in designating the mother as a nonparty at fault was harmless as it couldn't "ascertain from the record whether the jury's decision to find no negligence or proximate cause on the part of [the] defendants was influenced by evidence of [the] mother's negligence in supervising her child." *Id.*

¶ 29    Torres asserts that the *Paris* division's reasoning is applicable in this case because the record demonstrates that "the jury's

finding of no negligence by [Barnhart] was arguably influenced by evidence of the unknown driver's negligence."

¶ 30    Torres's arguments that the court's error wasn't harmless are focused on the potential impact that evidence of the unknown driver's fault had on the jury's determination of causation. She argues, "Like [in] *Paris*, here there was significant evidence of and argument on the unknown driver being the cause of and at fault for the accident and therefore for Torres's injuries."

¶ 31    But regardless of the unknown driver's actions, Torres was required to prove that Barnhart breached a duty *he* owed to her that caused her injuries and claimed damages. *See HealthONE v. Rodriguez*, 50 P.3d 879, 888 (Colo. 2002) ("In order to establish a prima facie case for negligence, a plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and causation, i.e., that the defendant's breach caused the plaintiff's injury."). Because the jury determined that Barnhart wasn't negligent, it necessarily determined that Barnhart didn't breach a duty he owed to Torres.

¶ 32    Furthermore, Torres acknowledges that she would have needed to address the unknown driver's actions regardless of the

nonparty designation and concedes that some of her testimony about the unknown driver may have been introduced even without the nonparty designation.  But she contends that there was "substantial evidence [during trial] placing the fault for the accident on the negligence of the unknown driver" and argues that the nonparty designation altered her trial strategy because "trial counsel could have focused more on demonstrating [Barnhart's] negligence in rear-ending [Torres's] car than on the actions of the unknown driver" if the court hadn't allowed the faulty nonparty designation.  Our review of the record belies these assertions.

¶ 33     Torres's counsel's opening statement reveals that counsel had to reference the unknown driver in some way to explain the collision.  And trial counsel focused primarily on Torres's injuries and damages, while also arguing that Barnhart was at fault for the collision that caused Torres's injuries and damages; counsel didn't argue that the unknown driver was at fault.  In Barnhart's counsel's opening statement, counsel briefly addressed the unknown driver by telling the jury that Torres would testify about having to slam on her brakes to avoid hitting a car that cut her off,

14

but the remainder focused on Torres's credibility and whether her injuries were caused by a previous car accident.

¶ 34 Torres's counsel called Barnhart as a witness during Torres's case-in-chief. During counsel's direct examination of Barnhart, Barnhart testified as to his memory of the collision but said he didn't know what happened in front of Torres's car before he hit her. On cross-examination of Torres, Barnhart's counsel did elicit some testimony about the unknown driver and the circumstances leading up to the collision, but most of the cross-examination was spent attacking Torres's credibility by focusing on inconsistencies in her statements about her medical history, the severity of the collision, and the severity of her claimed injuries. Similarly, most of Torres's presentation of evidence was spent detailing her medical history, prior car accidents, and alleged physical and economic injuries resulting from the collision.

¶ 35 We thus reject Torres's assertion that the nonparty designation forced her to alter her trial strategy to focus on the unknown driver's negligence rather than Barnhart's and conclude that the court's error in admitting evidence of the unknown driver as a nonparty at fault was harmless. *Leaf v. Beihoffer*, 2014 COA

117, ¶ 12 ("If a plaintiff fails to establish any one of [the negligence] elements, any errors related to other elements are necessarily harmless because the plaintiff cannot prevail in any event.").

## IV.   Disposition

¶ 36    We affirm the judgment.

JUDGE J. JONES and JUDGE KUHN concur.

16