**METRO NATIONAL BANK, a national banking association, Plaintiff–Appellee,**

v.

**Waynard Hugh PARKER, Jr., and Jeanise D. Parker, Defendants–Appellants.**

No. 88CA0335.

Colorado Court of Appeals,
Div. C.

April 20, 1989.

Brownstein Hyatt Farber & Madden, P.C., Kenneth R. Bennington, Denver, for plaintiff-appellee.

David C. Hoskins, P.C., Parker, for defendants-appellants.

SILVERSTEIN *, Judge.

Waynard Hugh Parker, Jr. and Jeanise D. Parker (defendants) appeal from a deficiency judgment in favor of Metro National Bank (bank) under the terms of a note and deed of trust. We affirm.

The bank brought this action to recover the deficiency on a promissory note secured by a deed of trust after a sale of the security by the public trustee. Defendants denied that there was a default and challenged the amount due. They also alleged that plaintiff failed to mitigate damages and asserted their "rights" to an accounting.

Roger Reeves, an officer of the bank, testified, based on his own review of bank records, that the amount of the deficiency was $33,931.33. Reeves' testimony was corroborated by documentary evidence consisting of the public trustee's endorsement of the deficiency on the original promissory note, and the bank's written sale bid, which had been prepared by Reeves and contained a summary showing the principal and interest outstanding, as well as various items of cost.

Defendants challenge the trial court's admission of the foregoing evidence, contending that it was inadmissible hearsay or, alternatively, that it was not the best evidence available. We reject both contentions.

CRE 1006 provides that voluminous evidence which cannot conveniently be examined in court may be introduced in the form of a testimonial or written summary. *See Buchholz v. Union Pacific R.R. Co.*, 135 Colo. 331, 311 P.2d 717 (1957); *Western National Bank v. ABC Drilling Co.*, 42 Colo.App. 407, 599 P.2d 942 (1979).

■ CRE 1006 requires the proponent of summary evidence to establish that the underlying materials upon which the summary is based would be admissible in evidence and that they were made available to the opposing party for inspection. *International Technical Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App.1983).

■ Evidence admissible under CRE 1006 is not objectionable on the ground that it violates the "best evidence rule." *See Omaha World–Herald Co. v. Nielsen*, 220 Neb. 294, 369 N.W.2d 631 (1985); *cf. Bloxsom v. San Luis Valley*, 198 Colo. 113, 596 P.2d 1189 (1979). If a proper foundation has been established, questions concerning the authenticity of the evidence or the credibility of the testimony go to the weight of the evidence, not its admissibility. *Omaha World–Herald Co. v. Nielsen, supra.*

■ Reeves testified that the bank records from which he prepared the bid were kept in the regular course of the bank's business, and that he personally reviewed the records in preparing the summary. The record thus establishes that the bid summary was based upon business records that were admissible in evidence under CRE 803(6). The record further reflects that both the bid summary and the bank records were available to defendants well in advance of trial. We therefore conclude that a proper foundation was established under CRE 803(6) and 1006, and that both the bid summary and Reeves' testimony were admissible, competent evidence to prove the amount of the deficiency.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

■ Defendants next contend that the trial court erred in awarding attorney fees pursuant to § 13–17–102, C.R.S. (1987 Repl. Vol. 6A). However, we find no error.

Defendants concede on appeal, as they did at trial, that their sole strategy at trial was to object to the introduction of the bank's evidence. The defendants' attorney appeared at the trial, but defendants did not appear. No evidence was presented in support of the affirmative defenses raised in their answer and trial data certificate. Furthermore, as noted by the trial court, defendants made no effort to discover or examine the bank loan records in order to verify the accuracy and reliability of the underlying records and thereby support their evidentiary objections at trial. Nor did defendants cite any authority contrary to existing Colorado authority on point in support of their evidentiary objections.

Under these facts, we agree with the trial court that the defense lacked substantial merit, and was interposed for delay and harassment of plaintiff. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

Judgment affirmed.

STERNBERG and ENOCH, JJ., concur.