Taylor WYCOFF, Plaintiff–Appellant,

and

American Medical Security Life Insurance Company, a Wisconsin insurance company, Intervenor–Appellant,

v.

SEVENTH DAY ADVENTIST ASSOCIATION OF COLORADO, a Colorado nonprofit corporation, Defendant–Appellee.

Nos. 09CA1034, 09CA1065.

Colorado Court of Appeals, Div. VI.

Dec. 9, 2010.

Rehearing Denied Jan. 6, 2011.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Colorado; Larry D. Lee, P.C., Larry D. Lee, Boulder, Colorado; Law Office of Prof. Thomas D. Russel, Ph.D., Thomas D. Russell, Denver, Colorado, for Plaintiff–Appellant.

David Lichtenstein, Denver, Colorado, for Intervenor–Appellant.

Moye White LLP, Paul R. Wood, Elizabeth H. Getches, Thomas H. Wagner, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CONNELLY.

Plaintiff, Taylor Wycoff, was seriously injured during an overnight event sponsored by Grace Community Church (Grace) on a ranch owned by defendant, Seventh Day Adventist Association of Colorado (SDA). Intervenor, American Medical Security Life Insurance Company (insurer), had paid plaintiff's medical expenses. Plaintiff and insurer filed lawsuits against Grace and SDA. The claims against Grace are the subject of our opinion issued today in *Wycoff v. Grace Community Church,* 251 P.3d 1260 (Colo. App.2010) (*Wycoff I*).

The trial court entered judgment for SDA based on a jury verdict finding that SDA was not liable for plaintiff's injuries. Because the jury instructions erroneously minimized the duties SDA owed to plaintiff under the Premises Liability Act, § 13–21–115, C.R.S. 2010, we reverse and remand for a new trial.

## I. Background

The underlying facts are set forth in our opinion in *Wycoff I.* The trial court ruled that plaintiff was an "invitee" of Grace but only a "licensee" of SDA. It reasoned that, while plaintiff had paid Grace to attend the event and Grace had paid SDA to use the ranch, there was no "direct" business transaction between plaintiff and SDA.

This ruling manifested itself in jury instructions imposing a lesser duty on SDA than on Grace. The court instructed that Grace had to use reasonable care to protect plaintiff against dangers of which it knew or reasonably should have known. In contrast, SDA's duty was limited to dangers "which it actually knew about."

## II. Discussion

■ Construing the Premises Liability Act de novo, *see Lakeview Associates, Ltd. v. Maes,* 907 P.2d 580, 583–84 (Colo.1995), we hold that the trial court committed reversible error in instructing the jury regarding the duty owed by SDA to plaintiff. We thus do not consider the only other appellate challenge to a magistrate's evidentiary ruling that may be moot if the trial court decides the issue on remand.

There is no dispute that plaintiff (through her father) paid Grace, and Grace in turn paid SDA, so plaintiff could stay on SDA's ranch. Thus, under the most straightforward interpretation of the Premises Liability Act, plaintiff would seem to have been SDA's "invitee": she was on SDA's ranch "to transact business in which [she and SDA were] mutually interested." § 13–21–115(5)(a), C.R.S.2010.

The trial court ruled, however, that plaintiff was not SDA's invitee because she and SDA had no "direct" dealings. There is no statutory mooring for limiting invitee status to those who had direct dealings with a landowner. That Grace was a fiscal intermediary—collecting money to be paid over to SDA—did not alter the undisputed fact that plaintiff was a paid guest at SDA's ranch.

The trial court's reasoning is in tension with *Henderson v. Master Klean Janitorial, Inc.,* 70 P.3d 612 (Colo.App.2003). A plaintiff office worker there sued his building's janitorial company for a slip and fall caused by a wet floor. The company argued that "as to it, plaintiff was not an invitee because it had no business relationship with him, nor was their relationship mutually beneficial, and it did not represent to plaintiff that he was requested or expected to enter onto the property." *Id.* at 616. The division disagreed, holding that "[b]y virtue of its contract, defendant was responsible for providing a clean and safe environment for the benefit of all legitimate entrants to the building." *Id.*

In ruling that plaintiff was only a licensee of SDA, the trial court relied on *Wilson v. Marchiondo,* 124 P.3d 837 (Colo.App.2005).

That case does not support a "direct" dealing requirement and is distinguishable from the present case. The issue in *Wilson* was whether a landlord was liable to the tenants' social guest bitten by the tenants' dog. The division held that the landlord "owed no duty of care to the victim subsequent to his leasing the space to tenants" and that the social guest in any event was merely a licensee. *Id.* at 840–42. The point critical to *Wilson* was that the "tenant[s] [were] entitled to the possession of the leased premises to the exclusion of the landlord." *Id.* at 840. Here, in contrast, Grace was *not* entitled to possession of the ranch "to the exclusion of" SDA. SDA staff remained on the ranch at all relevant times, and SDA reserved the right to regulate activities conducted on the ranch. Moreover, plaintiff was not a social guest but (as the majority holds in *Wycoff I*) was Grace's invitee whose presence on the ranch directly benefited SDA.

The trial court thus erred in ruling that plaintiff was SDA's licensee rather than invitee. This error resulted in erroneous jury instructions imposing on SDA lesser duties than those actually imposed by the Premises Liability Act.

■ SDA contends that any instructional error was harmless. We disagree.

■ An instructional error requires reversal for "a new trial when the result of the trial may have been different if the court had given the proper instruction." *Clyncke v. Waneka*, 157 P.3d 1072, 1079 (Colo.2007). Here, the trial's result may well have been different had SDA been charged with the higher duties owed to an invitee.

The Premises Liability Act's distinctions among three types of persons present on another's land were intended to be significant. The General Assembly expressly sought "to assure that the ability of an injured party to recover is correlated with his status as a trespasser, licensee, or invitee" and to "impos[e] on landowners a higher standard of care with respect to an invitee than a licensee." § 13–21–115(1.5)(a) & (c), C.R.S.2010.

The legislative judgment that these distinctions are significant was borne out by a jury question in this case. In the midst of deliberations, the jury sent out a written question asking why the instructions as to Grace and SDA differed "in relation to 'should have known about it.'" The court responded that "[t]hese instructions contain the different legal standards that apply to each defendant."

SDA nonetheless argues that the instructional error made no difference because, under the particular facts of this case, it did not unreasonably fail to warn plaintiff of any danger about which it should have known. It attributes the accident's cause to Grace's unilateral decisions, such as driving the ATV towing plaintiff through the channel with an extra passenger aboard and tying the tow rope to the ATV.

SDA's arguments regarding responsibility for the accident may (or may not) ultimately be persuasive. But they are misdirected to us. Those arguments are for a properly instructed jury to consider.

### III.   Conclusion

The judgment is reversed, and the case is remanded for a new trial.

Judge CARPARELLI and Judge FURMAN concur.