Brenda SPERRY, Petitioner

v.

Sherry FIELD, Respondent.

No. 08SC438.

Supreme Court of Colorado,
En Banc.

April 13, 2009.

Gradisar, Trechter, Ripperger, Roth & Croshal, Nicholas Gradisar, Pueblo, Colorado, Attorneys for Petitioner.

Cain & Hayter, LLP, Craig W. Cain, Debra P. DeRee, Colorado Springs, Colorado, Attorneys for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

## I. Introduction

In this action to recover damages for personal injuries, Petitioner Brenda Sperry appeals the court of appeals' decision holding that section 13–21–101, C.R.S. (2008), entitles a judgment creditor to post-judgment interest from the date judgment is entered until the judgment is satisfied. Relying on the language of the statute both as written and re-written by this court in *Rodriguez v. Schutt*, 914 P.2d 921 (Colo.1996), Sperry argues post-judgment interest should run from "the date the claim accrues" until satisfaction of the judgment. Because we hold that this interpretation is contrary to the common understanding of the term "post-judgment interest" and does not serve the statutory goal of section 13–21–101, we affirm the judgment of the court of appeals.

## II. Facts and Procedural History

On November 24, 1997, Sperry was injured in an automobile accident caused by Respondent Sherry Field. Sperry brought an action seeking to recover damages for personal injuries she suffered because of Field's negligence. She did not request pre-judgment interest in her complaint. After trial, a jury awarded Sperry $387,000 in damages, which included an award of pre-judgment interest. Field appealed the judgment, arguing there were deficiencies in the evidence and asserting that pre-judgment interest should not have been awarded because Sperry did not request it in the complaint. The court of appeals rejected the evidentiary argument, but held the trial court erred by awarding Sperry pre-judgment interest. Both parties petitioned this court for certiorari which was denied on November 13, 2006.

On remand to the trial court, Sperry filed a motion requesting a modified judgment and an award of post-judgment interest pursuant to section 13–21–101. Sperry argued she was entitled to post-judgment interest calculated at the market rate from the date of the accident until the date of satisfaction. Field agreed that Sperry was entitled to post-judgment interest under section 13–21–101; however, she contended the interest should be calculated from the date the original judgment was entered by the trial court, rather than the date of the accident. The trial court granted Sperry's motion for post-judgment interest, but awarded it from the date judgment was entered.

On December 15, 2006, Field entered into an agreement with Sperry to settle the undisputed amount, including interest from the date of judgment to the date of satisfaction. Sperry then appealed arguing that, based on the plain language of section 13–21–101, post-judgment interest should have been awarded from the date the claim accrued. The court of appeals disagreed and affirmed the trial court. This appeal followed.

## III. Section 13–21–101

As written, section 13–21–101(1) states:

... if a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, interest, whether pre-judgment or post-judgment, shall be calculated on such sum at the rate set forth in subsections (3) and (4) of this section from the date the action accrued and shall include compounding of interest annually from the date such suit was filed.

Subsection (2)(a) continues, providing:

If a judgment for money in an action brought to recover damages for personal injuries is appealed by a judgment debtor and the judgment is affirmed, interest, as set forth in subsections (3) and (4) of this section, shall be payable from the date the action accrued until satisfaction of the judgment.

Subsection (2)(b) states:

If a judgment for money in an action to recover damages for personal injuries is appealed by a judgment debtor and the judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, interest, as set out in subsections (3) and (4) of this section, shall be payable from the date the action accrued until the judgment is satisfied. This interest shall be payable on the amount of the final judgment.

Subsections (3) and (4) provide a market-based method for calculation of interest. Accordingly, under section 13–21–101 as written, judgment debtors who *do not* appeal pay pre-judgment and post-judgment interest at a rate of nine percent, while judgment debtors who *do* appeal pay pre-judgment and post-judgment interest at the market-determined rate.

In *Rodriguez v. Schutt*, this court held the distinction between judgments which are appealed and judgments which are not appealed in determining the rate of pre-judgment interest is unsupported by a rational basis and violates equal protection. 914 P.2d at 927. However, we held the distinction between judgments which are appealed and those which are not for purposes of post-judgment interest is permissible. *Id.* at 927–28. Therefore, we severed language in section 13–21–101(1) to read:

> ... if a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, *post-judgment* interest shall be calculated on such sum at the rate set forth in subsections (3) and (4) of this section from the date the action accrued and shall include compounding of interest annually from the date such suit was filed.

*Id.* at 929 (emphasis added to show severed language).

Relying on the language of section 13–21–101(1) as written, Sperry argues the plain language of the statute entitles her to post-judgment interest calculated from the date the claim accrued. She further argues section 13–21–101(1) as re-written by this court in *Rodriguez* clarifies that she is entitled to "post-judgment" interest from the date the claim accrued. Field argues this is an absurd result because the term "post-judgment" interest" necessarily refers to interest commencing after judgment has been entered. Further, Field contends that Sperry's claim of post-judgment interest for the period between the accident date and the judgment date is merely a backhanded way of claiming pre-judgment interest to which she is not entitled because she waived her right to such interest by not requesting it in her complaint.

## A. Standard of Review

 Statutory interpretation is a question of law subject to de novo review. *Klinger v. Adams County Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo.2006). Because an interest statute is in derogation of the common law, the language of the statute must be strictly construed by the court. *Rodriguez*, 914 P.2d at 925. A reviewing court begins the analysis with the plain language of the statute. If the statute is clear and unambiguous on its face, then the court need look no further. *People v. Luther*, 58 P.3d 1013, 1015 (Colo.2002). If the statute is ambiguous, the court looks to the statute's legislative history, the consequences of a given construction, and the overall goal of the statutory scheme to determine the proper interpretation of the statute. *People v. Cooper*, 27 P.3d 348, 354 (Colo.2001).

## B. Ambiguity

As written by the General Assembly, subsection 13–21–101(1) states that "interest, whether pre-judgment or post-judgment, shall be calculated ... from the date the action accrued" until satisfaction of the judgment. Personal injury actions accrue on the date "the fact of the injury and its cause are known or should have been known" to the plaintiff. *Jones v. Cox*, 828 P.2d 218, 221 (Colo.1992). Therefore, as written by the General Assembly, the statute appears to suggest that post-judgment interest must be calculated from the date the cause of action occurs or its ill-effects are discovered. However, the plain meaning of "post-judgment interest" suggests that it is interest calculated post—or after—a court has entered judgment.

In section 5–12–106(1)(a), C.R.S. (2008), addressing interest calculation in non-personal injury contexts, post-judgment interest accrues "from the date of entry of judgment in the trial court until satisfaction." Similarly, section 5–12–106(1)(b) defines post-judgment interest as accruing "from the date judgment was first entered in the trial court until the judgment is satisfied." Further, *Black's Law Dictionary* 1204 (8th ed.2004), defines the prefix "post" to mean "after."

Accordingly, the language of section 13–21–101(1) is ambiguous because the common understanding of the term "post-judgment interest," and the term's unambiguous usage in similar statutes, is in tension with the statute's statement that such interest shall be calculated from the "date the action accrued." Consequently, subsection 13–21–101(1) is ambiguous and contradictory on its face.[1] We therefore examine the statute's legislative history, the consequences of a given construction, and the overall goal of the statutory scheme to determine the proper interpretation of section 13–21–101.

### C. Legislative History

In 1975, the General Assembly amended section 13–21–101 to provide for interest from the date a personal injury suit is filed to the date of satisfaction, thus encompassing for the first time interest from the date of filing until the date of satisfaction. *See* Ch. 151, sec. 1, § 13–21–101, 1975 Colo. Sess. Laws 569. In 1979, section 13–21–101 was further amended to allow a personal injury plaintiff to claim interest from the date the action accrued instead of from the date the suit was filed. Ch. 55 sec. 2, § 13–21–101, 1979 Colo. Sess. Laws 315. Thus, following the 1979 amendment, assuming a personal injury plaintiff claimed interest in the complaint, she would be entitled to interest from the date the action accrued to the date of satisfaction of the judgment.

In 1982, section 13–21–101 was amended to its current form providing for a market-determined interest rate when the judgment debtor appeals. The amendment introduced the terms "pre-judgment" and "post-judgment" into the statute to differentiate between the types of interest available to judgment creditors. *Rodriguez*, 914 P.2d at 928. "The General Assembly intended that the amendment, and its market-determined interest rate, apply only to judgments which the judgment debtor appeals." *Id.* (citing

Act of March 25, 1982, ch. 39, 1982 Colo. Laws 227). The amendment was intended to "eliminate the financial incentive (or disincentive) to appeal and ensure that the judgment creditor whose satisfaction is delayed due to an unsuccessful appeal receives the time value of his or her money judgment." *Id.* at 229.

### D. Consequences of a Given Construction

■■■ Under the construction of section 13–21–101 urged by Sperry, a judgment creditor whose judgment debtor appeals is entitled to post-judgment interest calculated from the date the action accrued until satisfaction. Under this construction, a judgment creditor who properly requested pre-judgment interest in her complaint would be entitled to a double payment of prejudgment interest. When a plaintiff has properly requested and is awarded pre-judgment interest, such interest is incorporated into the judgment and becomes part of the judgment itself. *See Francis ex rel. Goodridge v. Dahl*, 107 P.3d 1171, 1176 (Colo.App.2005). Post-judgment interest is then calculated upon the judgment amount, including the pre-judgment interest. Thus, under Sperry's construction of section 13–21–101, if a judgment debtor appeals, the judgment creditor would be entitled to an additional layer of interest, ostensibly termed "post-judgment" interest. However, this "post-judgment" interest would be compounded upon the previously ordered pre-judgment interest and would doubly compensate the judgment creditor for the time period between the accrual date and the judgment date. Given the legislature's intent in revising section 13–21–101 to "eliminate any financial incentive or disincentive in appealing a personal injury judgment," *Rodriguez*, 914 P.2d at 929, the General Assembly could not have intended such a result.

1. In *Rodriguez*, this court found section 13–21–101, C.R.S. (2008), to be unambiguous with regard to application of the market-based interest rate following an unsuccessful appeal by the judgment debtor. *Rodriguez v. Schutt*, 914 P.2d 921, 926 (Colo.1996). However, we did not address ambiguity with regard to when post-judgment interest begins to accrue, and our finding that the statute is unambiguous was limited to the facts of *Rodriguez*. We further stated "the ambiguity of a statute in one respect does not necessitate a conclusion of ambiguity in every other respect." *Id.* at 925 n. 2.

Sperry argues that, in this case, her construction of section 13–21–101 would not lead to a double award of prejudgment interest because she was not awarded pre-judgment interest by the trial court. However, in cases such as this where a plaintiff is not entitled to pre-judgment interest because such interest was not claimed in the complaint, Sperry's construction would allow "post-judgment" interest to be calculated from a date prior to the date of judgment. Accordingly, Sperry's construction of the statute would allow her to receive interest for the period between the accrual date and the judgment date—the time period during which prejudgment interest accrues—under the guise of calling it "post-judgment" interest. Because Sperry did not request, and was therefore not awarded, pre-judgment interest, she cannot receive interest for the time period between the accrual date and the judgment date, regardless of whether it is termed "postjudgment" interest.[2]

■ Sperry argues this result is necessary given this court's decision in *Rodriguez*. She asserts that, when we severed the language in section 13–21–101(1) addressing pre-judgment interest and altered the statute to state "post-judgment interest shall be calculated . . . from the date the action accrued," the statute was clarified and required the payment of post-judgment interest from the accrual date. However, our alteration of the statutory language in *Rodriguez* merely amplified the ambiguity already present in the statute as written by the General Assembly. Further, in *Rodriguez* we held that disparate treatment of judgments that are appealed and judgments that are not appealed in determining the rate of prejudgment interest violates equal protection. 914 P.2d at 927. Sperry's construction of section 13–21–101

would do just that by entitling a judgment creditor whose judgment debtor appeals to an award of "post-judgment" interest running from the date the claim accrued until satisfaction, but a judgment creditor whose judgment debtor does not appeal to no such interest. Regardless of whether this interest is termed "pre-judgment" or "post-judgment," it still amounts to interest earned during the period between the accrual of the cause of action and the entry of judgment. As such, under *Rodriguez*, it is unconstitutional to award interest for this time period at a different rate based on whether or not a judgment debtor appeals. This court could not have intended to create a round-about way for judgment creditors to obtain a different rate of pre-judgment interest based on whether the judgment debtor appeals when we explicitly stated that such an outcome is unconstitutional.[3] Accordingly, the *Rodriguez* court's inattention to the statutory language regarding the accrual date could not have been intended, as argued by Sperry, to entitle judgment creditors to post-judgment interest from the date the action accrued.

The ambiguity in section 13–21–101(1) predated Rodriguez; however, *Rodriguez* amplified this ambiguity by removing the word "pre-judgment" and altering the statute so that it stated "post-judgment interest shall be calculated . . . from the date the action accrued." Our attempt to sever purportedly unconstitutional language highlights the problem that occurs when courts sever statutory language rather than strike the entire statute. This court and the United States Supreme Court have held that appellate courts may sever unconstitutional portions of a statute. *See United States v. Booker*, 543 U.S. 220, 246–48, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *People v. Montour*, 157 P.3d 489,

2. Under her construction of section 13–21–101, Sperry refers to this interest as "post-appeal interest." This is an apparent attempt to avoid making the seemingly contradictory argument that "post-judgment" interest should be awarded for a time period before judgment is entered. However, regardless of what this interest is termed, it constitutes interest accrued before judgment is entered, and our case law is clear that, to be entitled to such interest, a plaintiff must request it in her complaint. *See Clark v. Hicks*, 127 Colo. 25, 252 P.2d 1067 (1953).

3. In this case, we do not consider the propriety of our determination in *Rodriguez* that the distinction between judgments which are appealed and judgments which are not appealed in determining pre-judgment interest is unconstitutional. Although we are critical of our opinion in *Rodriguez* because of the alteration of the statute, we do not address the constitutionality issue as it is not now before us.

502 (Colo.2007). However, when a court severs statutory language in an effort to cure a statute's constitutional infirmity, it may unintentionally alter the statute's meaning in ways not intended.

Here, the *Rodriguez* court was not addressing when post-judgment interest should accrue under section 13–21–101. Rather, we were concerned with the equal protection issue presented by the statute's disparate treatment of judgment debtors who appeal and judgment debtors who do not. In severing language to cure the equal protection problem, we unintentionally altered the statute so that it states "post-judgment interest shall be calculated ... from the date the action accrued." As discussed above, this statement amplified the ambiguity and contradictory nature of section 13–21–101(1) as written by the General Assembly and, if applied literally, would lead to unintended results. This serves as an example of the errors that can occur when we attempt to rewrite statutory language.

### E. Overall Statutory Scheme

■ The overall purpose of the personal injury interest statute is to eliminate any financial incentive or disincentive to appeal and to ensure that the judgment creditor receives the time value of his or her money judgment. *Rodriguez*, 914 P.2d at 928–29. The most logical construction of section 13–21–101—the calculation of post-judgment interest from the date the original judgment is entered—is consistent with these statutory goals. Construing the statute so that post-judgment interest accrues from the date of judgment through the date of satisfaction creates no disincentive for the judgment debtor to appeal because post-judgment interest will only be calculated from the date the original judgment was entered until the date of satisfaction, and she will not be penalized by being required to pay "post-judgment" interest from the date the action accrued. Similarly, the judgment creditor would receive only the time value of her money judgment and not enjoy a double recovery if she requested pre-judgment interest in her complaint.

### IV. Conclusion

For the foregoing reasons, we conclude that post-judgment interest under section 13–21–101 should be calculated from the judgment date until satisfaction of the judgment. We accordingly affirm the judgment of the court of appeals.

Justice EID concurs, and Justice RICE joins in the concurrence.

The problem presented by this case is one of the court's own making. In *Rodriguez v. Schutt*, 914 P.2d 921, 929 (Colo.1996), the court, in order to "cure" a perceived constitutional violation, rewrote a portion of the statute, changing the language from "interest, whether prejudgment or postjudgment" to "postjudgment interest." As the case before us today makes clear, however, the court's redrafting effort was less than successful. Indeed, the rewritten language requires "postjudgment interest" to be calculated "from the date the action accrued," § 13–21–101(1), C.R.S. (2008)—a clear contradiction with the meaning of postjudgment. *See* § 5–12–106(1)(a), C.R.S. (2008) (defining post-judgment interest as "payable from the date a judgment was first entered").

The majority mistakenly treats this case like any other case raising a question of statutory interpretation, proclaiming the rewritten statute to be "ambiguous" and subject to various interpretive aids. Maj. op. at 367–68. Then, in order to resolve this "ambiguity," the majority redrafts even more of the statutory language, changing the words "from the date the action accrued" to "from the date of judgment." Maj. op. at 370.

The problem presented by this case highlights the fact that the interest statute is in need of legislative attention. Until the legislature acts, however, I believe we should avoid engaging in "interpretive" efforts such as the majority's that further redraft the statutory language. Instead, I would reach the same result as that reached by the majority on the narrow ground that Sperry did not seek prejudgment interest in her complaint and therefore cannot collect it now. Maj. op. at 369. The language of section 13–21–101(1) states (in a portion not altered by

*Rodriguez* ) that "it is the duty of the court" to add "interest" to the judgment *"[w]hen such interest is so claimed."* (emphasis added.) Here, Sperry did not claim prejudgment interest and therefore cannot collect it under the statute. *See also Clark v. Hicks,* 127 Colo. 25, 31, 252 P.2d 1067, 1070 (Colo. 1953) (plaintiff waives entitlement to interest if such interest not sought before judgment). Her request for prejudgment interest—made after her appeal—was therefore properly denied. Accordingly, I concur only in the result reached by the majority.

I am authorized to state that Justice RICE joins in this concurrence.