COLORADO COURT OF APPEALS　　　　　　　　　　**2016COA181**

Court of Appeals No. 15CA1743
Adams County District Court No. 15CV30862
Honorable F. Michael Goodbee, Judge

City of Northglenn, Colorado, a Colorado municipality; City of Aurora,
Colorado, a Colorado municipality; City of Commerce City, Colorado, a
Colorado municipality,

Plaintiffs-Appellants and Cross-Appellees,

v.

Board of County Commissioners, Adams County, Colorado, a Colorado
statutory county,

Defendant-Appellee and Cross-Appellant.

JUDGMENT REVERSED

Division VII
Opinion by JUDGE BERGER
Terry and Booras, JJ., concur

Announced December 15, 2016

Hoffman Parker Wilson & Carberry P.C., Corey Y. Hoffman, Denver, Colorado,
for Plaintiff-Appellant and Cross-Appellee City of Northglenn, Colorado

Michael Hyman, City Attorney, Teresa L. Kinney, Assistant County Attorney,
Daniel L. Money, Assistant County Attorney, Aurora, Colorado, for Plaintiff-
Appellant and Cross-Appellee City of Aurora, Colorado

Robert D. Sheesley, City Attorney, for Plaintiff-Appellant and Cross-Appellee
Colorado, City of Commerce City

Heidi M. Miller, County Attorney, Jennifer D. Stanley, Assistant County
Attorney, Brighton, Colorado, for Defendant-Appellee and Cross-Appellant

¶ 1    In 2012, Colorado voters adopted Amendment 64, which legalized recreational marijuana use as a matter of state law, under particular circumstances.  To effectuate Amendment 64, the General Assembly enacted the retail marijuana sales tax, sections 39-28.8-101 to -606, C.R.S. 2016, which Colorado voters approved through Proposition AA.  The retail marijuana sales tax authorizes the state to levy a statewide special sales tax on retail marijuana.[1]

¶ 2    In 2014, Adams County voters approved a resolution authorizing the county to levy a countywide special sales tax on retail marijuana.[2]  Three home rule cities in Adams County challenged the Adams County tax, claiming that it was unauthorized by Colorado law.  Adams County asserted that the

---

[1] "'Retail marijuana' means all parts of the plant of the genus cannabis whether growing or not, the seeds thereof, the resin extracted from any part of the plant, and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds, or its resin, including marijuana concentrate." § 39-28.8-101(7), C.R.S. 2016.

[2] A general sales tax applies to "all sales and purchases of tangible personal property at retail." § 39-26-104(1)(a), C.R.S. 2016.  A special sales tax only applies to certain sales and purchases of tangible personal property at retail.  *See, e.g.*, § 29-2-103.5(1)(a), C.R.S. 2016.  Both general and special sales taxes can apply to the same sale or purchase.  *Id.*

cities did not have standing, and, on the merits, that the county tax was authorized by the retail marijuana sales tax.

¶ 3      We conclude that the district court correctly determined that the cities had standing to bring their claims.  On the merits, we hold that Adams County does not have either constitutional or statutory authorization to impose a special sales tax on retail marijuana.  Accordingly, we hold that the Adams County special sales tax is invalid and reverse the judgment.

## I.      Relevant Facts and Procedural History

¶ 4      Following the passage of Amendment 64, Colorado voters approved a number of special sales taxes on retail marijuana.  At the state level, the General Assembly enacted and voters approved the retail marijuana sales tax, imposing a statewide special sales tax.  At the county level, the Adams County Board of County Commissioners (the County) proposed a countywide special sales tax, which Adams County voters approved.  At the municipal level, voters of the cities of Aurora, Northglenn, and Commerce City (collectively the Cities) also approved special sales taxes.

¶ 5      These special sales taxes, which only apply to retail marijuana, were imposed in addition to all pre-existing general

2

sales taxes, which apply to the sale of any good or service, including retail marijuana. As a result, retail marijuana sold in the Cities was subject to a special sales tax at the city, county, and state levels, in addition to general sales taxes.

¶ 6     While the Cities anchored their authority to enact special sales taxes to their constitutionally granted powers as home rule cities, the County claimed its authority emanated from sections 39-28.8-101 to -606, C.R.S. 2016 (the retail marijuana sales tax), and section 29-2-103, C.R.S. 2016 (its general sales tax authority).

¶ 7     The Cities disagreed with the County's reading of the retail marijuana sales tax and claimed that it did not expressly grant the County authority to impose a special sales tax and, therefore, the tax was invalid. Both the Cities and the County sought legislative clarification from the General Assembly on this question, but the General Assembly declined to enact any clarifying legislation with respect to county special sales taxes.[3]

---

[3] Because there may be multiple reasons why the General Assembly does not enact legislation, drawing inferences of legislative intent from what it does not enact is subject to considerably more speculation than drawing inferences of legislative intent from what it does enact. *People v. Adams*, 2016 CO 74, ¶ 22 n.2. Accordingly,

¶ 8     After the County enacted ordinances and regulations implementing the countywide special sales tax, the Cities sued the County, seeking an injunction and declaratory judgment against the tax.  The Cities moved for a preliminary injunction and the County moved to dismiss for lack of standing and for failure to state a claim upon which relief could be granted.  The district court held that the Cities had standing, but denied their motion for a preliminary injunction, finding that they had not met several of the requirements for a preliminary injunction.

¶ 9     The district court converted the County's motion for failure to state a claim upon which relief could be granted into a motion for summary judgment and granted summary judgment to the County. The court concluded that there was sufficient legislative authority to support the countywide special sales tax.

## II.    The Cities Have Standing

¶ 10    Because standing is a threshold jurisdictional question, we must address it first.  *City of Greenwood Village v. Petitioners for Proposed City of Centennial,* 3 P.3d 427, 436 (Colo. 2000).

---

our analysis does not rely upon the fact that the General Assembly declined to pass such legislation.

4

¶ 11    Plaintiffs seeking a declaratory judgment must demonstrate that there is "an existing legal controversy that can be effectively resolved by a declaratory judgment, and not a mere possibility of a future legal dispute over some issue." *Bd. of Cty. Comm'rs v. Bowen/Edwards Assocs., Inc.*, 830 P.2d 1045, 1053 (Colo. 1992). They must show that (1) they will suffer an injury in fact from the challenged regulation and (2) the injury will be to a legally protected interest. *City of Greenwood Village*, 3 P.3d at 437. Colorado courts have held that this two-pronged test has traditionally been "relatively easy to satisfy." *Ainscough v. Owens*, 90 P.3d 851, 856 (Colo. 2004). We address each element of the test in turn.

¶ 12    First, we must determine whether the County's special sales tax would cause the Cities to suffer an injury in fact. The district court heard testimony from the interim deputy city manager for the city of Aurora and the director of finance for the city of Northglenn on this question. Both cities claimed the County's special sales tax would impair their tax revenues because it would place retail marijuana businesses in the cities at a competitive disadvantage to retail marijuana businesses in other jurisdictions, such as Denver, which only imposed the state and local special sales taxes.

¶ 13    Considering this testimony, we conclude, like the district court, that the County's special sales tax likely would harm the fiscal interests of the Cities by reducing their tax revenues. Like in *Denver Urban Renewal Authority v. Byrne*, "the general fund of [the Cities] will arguably be directly and substantially affected." 618 P.2d 1374, 1380 (Colo. 1980).[4]

¶ 14    On this record, the Cities suffered at least prospective economic harm from the imposition of the County's special sales tax. Present or threatened economic harm constitutes an injury in fact. *Ainscough*, 90 P.3d at 856; *see also Byrne*, 618 P.2d at 1381.

¶ 15    Second, the Cities suffered an injury to a legally protected interest. The Cities are home rule cities and "[t]he Colorado Constitution confers upon a home rule city a legally protected interest in its local concerns." *Byrne*, 618 P.2d at 1381. "[C]ity budgeting and the assessment and collection of taxes for municipal purposes" are local concerns and each city has a legally protected

---

[4] We reject the County's argument that *Denver Urban Renewal Authority v. Byrne*, 618 P.2d 1374 (Colo. 1980), and the other cases the Cities rely on to demonstrate standing are inapposite. To the contrary, in *Denver Urban Renewal Authority*, like the Cities here, the home rule cities exercised their constitutional authority to protect their fiscal integrity. *Id.* at 1380.

interest in them. *City of Colorado Springs v. State*, 626 P.2d 1122, 1127 (Colo. 1980). Put another way, the fiscal integrity of a home rule city is a legally protected interest of the city. The imposition of the County's special sales tax would create a nonspeculative risk that the Cities' tax collections would be impaired, which in turn would harm the fiscal integrity of the Cities. These circumstances are sufficient to conclude that the Cities would suffer an injury to a legally protected interest.

¶ 16    For these reasons, the district court correctly held that the Cities have standing.[5]

> III.    A County May Only Impose a Special Sales Tax When There Is Express Constitutional or Legislative Authority to Do So

¶ 17    It is important to distinguish what is at issue in this case from what is not at issue. The Cities have not challenged the County's authority to impose a *general* sales tax that taxes all goods or services, including retail marijuana, sold in the County. Instead, the Cities only challenge the County's authority to impose a *special* sales tax that taxes only retail marijuana.

---

[5] Because we conclude that the Cities have traditional standing, we do not address the Cities' argument that they also have parens patriae standing.

7

¶ 18    Colorado counties are political subdivisions of the state.  *Bd. of Cty. Comm'rs v. Love*, 172 Colo. 121, 125, 470 P.2d 861, 862 (1970).  As such, "they possess only those authorities expressly conferred upon them by the state and those incidental implied powers reasonably necessary to carry out their expressly granted powers."  *Colorado Mining Ass'n v. Bd. of Cty. Comm'rs*, 199 P.3d 718, 729 (Colo. 2009).

¶ 19    In Colorado, a grant of taxation authority, either to the state itself or to one of its political subdivisions, must be explicit.  "The taxing power of the state is exclusively a legislative function, and taxes can be imposed only in pursuance of legislative authority, there being no such thing as taxation by implication."  *Skidmore v. O'Rourke*, 152 Colo. 470, 473, 383 P.2d 473, 474 (1963) (quoting *City & Cty. of Denver v. Lewin*, 106 Colo. 331, 336, 105 P.2d 854, 858 (1940)).  Thus, a county has no power to impose a tax unless the General Assembly or the Colorado Constitution directly authorizes it.  *Skidmore*, 152 Colo. at 474-75, 383 P.2d at 475.

¶ 20    The County makes no claim of authority under the Colorado Constitution.  Instead, the County relies on its general sales tax authority, section 29-2-103, and the retail marijuana sales tax as

the sources of its authority to enact a special sales tax on retail marijuana.

## IV. The County General Sales Tax Authority Does Not Confer Express Authority on Colorado Counties to Enact a Special Sales Tax

¶ 21 While the County appears to contend in the text of its special sales tax resolution that its general sales tax authority, contained in section 29-2-103, also confers authority to impose a countywide special sales tax on retail marijuana, the context of Article 2, Title 29, within which section 29-2-103 resides, demonstrates that it authorizes only a general and not a special sales tax. Moreover, the county conceded at oral argument that it does not rely upon section 29-2-103 as stand-alone authority to impose a special sales tax.

## V. The Colorado Retail Marijuana Sales Tax Does Not Confer Express Authority on Colorado Counties to Enact a Special Sales Tax

¶ 22 The question presented here is whether the retail marijuana sales tax, specifically section 39-28.8-203(1)(a)(VI), C.R.S. 2016, grants the County express authority to enact its special sales tax. This is a question of statutory interpretation.

¶ 23 Statutory interpretation presents a question of law we review de novo. *Sperry v. Field*, 205 P.3d 365, 367 (Colo. 2009). "When

interpreting a statute, we must ascertain and effectuate the intent of the General Assembly." *Vanderborgh v. Krauth*, 2016 COA 27, ¶ 8. To do so, we look first to the statutory language, giving words and phrases their plain and ordinary meanings according to the rules of grammar and common usage. § 2-4-101, C.R.S. 2016; *Krol v. CF & I Steel*, 2013 COA 32, ¶ 15.

¶ 24     "We read the language in the dual contexts of the statute as a whole and the comprehensive statutory scheme, giving consistent, harmonious, and sensible effect to all of the statute's language." *Krol*, ¶ 15. After doing this, if we determine that the statute is not ambiguous, we enforce it as written and do not resort to other rules of statutory construction. *Id.*

¶ 25     In enacting the retail marijuana sales tax, the General Assembly enacted a statewide retail marijuana sales tax as well as a mechanism to share that tax revenue with local governments. In so doing, the General Assembly also provided that the new sales tax on marijuana would not pre-empt or displace other authorized local government taxes on retail marijuana:

> Nothing in this paragraph (a) shall be construed to prevent a local government from imposing, levying, and collecting any fee or any

10

tax upon the sale of retail marijuana or retail marijuana products or upon the occupation or privilege of selling retail marijuana products, nor shall the provisions of this paragraph (a) be interpreted to affect any existing authority of a local government to impose a tax on retail marijuana or retail marijuana products to be used for local and municipal purposes; however, any local tax imposed at other than the local jurisdiction's general sales tax rate shall not be collected, administered, and enforced by the department of revenue pursuant to section 29-2-106, C.R.S., but shall instead be collected, administered, and enforced by the local government itself.

§ 39-28.8-203(1)(a)(VI).

¶ 26　　The County argues that this section gives it the express authority to enact a special sales tax on retail marijuana. We conclude that this statutory language does not bear the weight of the County's claim.

¶ 27　　Essentially, the County argues that because the statute does not *prohibit* it from imposing a special sales tax, the statute necessarily *authorized* it to impose such a tax. This argument runs squarely into, and violates, two principles: (1) that the grant of taxing authority must be explicit not implied, *Skidmore*, 152 Colo. at 474-75, 383 P.2d at 475; and (2) that counties only have those

11

powers expressly conferred by the state, *Colorado Mining Ass'n*, 199 P.3d at 729.

¶ 28 Every statute cited by the parties that authorizes a county to impose a sales tax, and every such statute that we have independently found, share common attributes. Each of the statutes explicitly states that the counties are "authorized to levy" or "may levy" a county sales tax. *See, e.g.*, § 29-2-103.5(1)(b), C.R.S. 2016; § 30-11-107.5(1), C.R.S. 2016. This essential feature is not present in section 39-28.8-203(1)(a)(VI).

¶ 29 The absence of any limitation whatsoever on the tax rate that could be imposed by Colorado counties further supports our conclusion that no express taxation authority is conferred by section 39-28.8-203(1)(a)(VI). Every other legislative grant of special sales tax power of which we are aware has rate parameters or caps. For instance, the special sales tax for the rental of personal property limits the county to levying a tax of "one percent of the amount of the rental payment paid or charged to persons who rent such personal property." § 30-11-107.7(2)(a), C.R.S. 2016.

¶ 30 We cannot infer that the General Assembly granted unlimited special sales tax authority to counties because such a grant could,

12

and likely would, frustrate the operation of Amendment 64, which is a matter of compelling state interest. Under the County's argument, it could impose a special retail marijuana sales tax at such a level that it would essentially prohibit the sale of marijuana in home rule cities, whose citizens had voted to permit the sale of marijuana. That result would violate the constitutional structure created by Amendment 64.

¶ 31　For all of these reasons, we hold that section 39-28.8-203(1)(a)(VI) does not authorize the County to impose a special sales tax on retail marijuana.[6] Therefore, the county special sales tax is invalid.

## VI. The Election Approving the County's Special Sales Tax Does Not Constitute Legislative Authority to Impose the Tax

¶ 32　The County nevertheless argues that, because it held a valid election authorizing the special sales tax, we do not have the

---

[6] In contrast, home rule cities, such as Northglenn, Aurora, and Commerce City, enjoy "the full right of self-government in both local and municipal matters." Colo. Const. art. XX, § 6(h); *see also Webb v. City of Black Hawk*, 2013 CO 9, ¶ 4. Because the question is not before us, we do not decide whether they have the constitutional authority to impose their own special sales tax on the sale of retail marijuana. *See* Colo. Const. art. XX, § 6; *see also Berman v. City & Cty. of Denver*, 156 Colo. 538, 400 P.2d 434 (1965).

authority to overturn the election results and enjoin the collection of the tax.

¶ 33    We reject this argument because whether the County held a valid election is irrelevant to whether it had the legislative power to impose a special sales tax.  Unless the General Assembly or Colorado Constitution authorized the County to impose such a tax, the County simply does not have the power to enact such a tax, irrespective of a valid election.

### VII.   Collection of the County Special Sales Tax

¶ 34    Because we hold that the special tax is invalid, we need not and do not address whether the County has the authority to promulgate regulations in connection with the collection of such a tax.

### VIII.  Conclusion

¶ 35    The County's special sales tax on the sale of retail marijuana is invalid.  Accordingly, the district court's judgment is reversed.

JUDGE TERRY and JUDGE BOORAS concur.

14