COLORADO COURT OF APPEALS **2017COA25**

Court of Appeals No. 16CA0416
City and County of Denver District Court No. 15CV30685
Honorable John W. Madden, IV, Judge

Joel Munoz,

Plaintiff-Appellant,

v.

American Family Mutual Insurance Company,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE ASHBY
Hawthorne and Freyre, JJ., concur

Announced February 23, 2017

Franklin D. Azar & Associates, PC, Patricia A. Meester, Keith R. Scranton,
Aurora, Colorado, for Plaintiff-Appellant

Campbell Latiolais & Averbach, LLC, Clifton J. Latiolais, Jr., Denver, Colorado,
for Defendant-Appellee

¶ 1      Plaintiff, Joel Munoz, appeals from the trial court's judgment entered in favor of defendant, American Family Mutual Insurance Company (American Family).  We are asked to decide a question not yet resolved in Colorado: Must an insured file a lawsuit and proceed to judgment to be legally entitled to prejudgment interest, as provided by section 13-21-101(1), C.R.S. 2016, when the insured settles a claim under his or her uninsured motorist/underinsured motorist policy?  We conclude that the answer is "yes" and affirm the judgment of the trial court.

## I. Background

¶ 2      Munoz was injured in a collision with David L. McCormack, an uninsured motorist (UM).  Munoz opened a UM claim with his insurer, American Family.  Throughout the settlement process, American Family made settlement offers to Munoz but took the position that it was not required to pay prejudgment interest. Munoz asked American Family to consider including prejudgment interest when settling the UM claim because it was an element of damages he could have pursued against McCormack.  American Family maintained that it was only required to pay prejudgment interest as determined by a court after a judgment had been

entered.  Munoz accepted American Family's final offer, understanding that it did not include interest, though he continued to try to persuade American Family to include payment of prejudgment interest.  American Family declined and sought a release of all claims in exchange for its payment of the amount of the offer accepted by Munoz.

¶ 3     Munoz then filed a lawsuit against American Family and McCormack.  Seeking prejudgment interest on damages payable from American Family, Munoz moved for the trial court, under C.R.C.P. 56(h), to determine whether American Family was required to include prejudgment interest as part of its settlement of the UM claim.  American Family filed a cross-motion asking the court to determine the same legal question.

¶ 4     The trial court ruled that although an insured under a UM policy may recover prejudgment interest pursuant to section 13-21-101, as a matter of law, the insured is entitled to such interest only when a judgment has entered and interest is awarded as an component of damages assessed by the jury's verdict or the court.

## II. Prejudgment Interest Need Not Be Considered When Evaluating or Settling a Claim for UM Benefits

¶ 5     Munoz contends that the trial court erred by determining that he, an insured motorist, is not legally entitled to collect prejudgment interest unless he has secured a judgment following an assessment of an amount of damages resulting from a jury verdict or court finding.  He contends that prejudgment interest is a necessary element of compensatory damages that makes an injured party whole.

¶ 6     The purpose of prejudgment interest is to compensate the injured party for the time value of the money owed for his or her injuries.  *Morris v. Goodwin*, 185 P.3d 777, 780 (Colo. 2008).  And Munoz therefore asserts that he was legally entitled to collect prejudgment interest as an element of his compensatory damages even if no judgment has been entered.  He contends that section 13-21-101 merely "instructs" trial courts as to when, and at what rate, a prejudgment interest award is authorized and that the statute was not intended to limit the circumstances under which prejudgment interest may be awarded to those where a trial has occurred and a judgment has been entered.  American Family

counters that under the plain language of section 13-21-101, prejudgment interest can only be awarded after a judgment, based upon a damages award determined by a trier of fact, has been entered. To resolve this dispute, we must construe section 13-21-101. We agree with American Family.

¶ 7 We review the trial court's determination of a question of law under C.R.C.P. 56(h) de novo. *Henisse v. First Transit, Inc.*, 247 P.3d 577, 579 (Colo. 2011). We also review decisions related to statutory construction de novo. *Bostelman v. People*, 162 P.3d 686, 689 (Colo. 2007). An entitlement to interest is created by statute and is in derogation of the common law. *Clark v. Hicks*, 127 Colo. 25, 32, 252 P.2d 1067, 1070 (1953). When a statute is in derogation of the common law, we construe the statute strictly, *Bertrand v. Bd. of Cty. Comm'rs*, 872 P.2d 223, 229 (Colo. 1994), giving consistent, harmonious, and sensible effect to all its parts. *People v. Adams*, 2016 CO 74, ¶ 12.

¶ 8 In interpreting statutes, our primary task is to give effect to the intent of the General Assembly. *Sperry v. Field*, 186 P.3d 133, 137 (Colo. App. 2008), *aff'd*, 205 P.3d 365 (Colo. 2009). We first look to the statute's plain language. *Id.* If it is clear and

unambiguous, we interpret the statute as written. *Id.* Only if the terms used are susceptible of more than one interpretation may we employ extrinsic sources, such as legislative history, prior law, consequences of one interpretation over another, and the goal of the statutory scheme, to aid our interpretation. *Id.*

¶ 9 As relevant here, section 13-21-101(1) states as follows:

> In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of such other person, corporation, association, or partnership and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed; and . . . [w]hen such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount . . . .

¶ 10 Section 13-21-101(1) therefore sets forth specific conditions that must be met before prejudgment interest can be awarded: (1) an action must be brought; (2) the plaintiff must claim damages in the complaint; (3) there must be a finding of damages by a jury or the court; and (4) judgment is entered. In our view, the plain

5

meaning of the statute's language is clear — a court's authority to award prejudgment interest only exists if a plaintiff has lawfully requested prejudgment interest, there is a jury verdict or court finding that the plaintiff has damages, and a judgment is entered. And because we conclude that the language of the statute is clear and unambiguous, we need look no further.

¶ 11 Munoz contends that *USAA v. Parker*, 200 P.3d 350 (Colo. 2009), compels a different result. We disagree. The issue decided in *USAA* was the proper rate of prejudgment interest to be applied to a judgment against an underinsured motorist (UIM) carrier. *See id.* at 357. The supreme court did not resolve the issue of whether an insurance company is required to pay prejudgment interest when evaluating and settling a claim with its insured under a UM or UIM policy. We recognize that certain language in *USAA* could be construed to support Munoz's contention that because prejudgment interest is a type of compensatory damages, he would be entitled to recover prejudgment interest from McCormack in a direct action against him and Munoz is, therefore, entitled to recover the same from American Family. However, we conclude, as did the trial court in its well-reasoned order, that *USAA* does not stand for the

proposition that if the insured does not file a claim, a UM/UIM insurer is required to pay to the insured the same amount that could have been recovered from the UM or UIM as if the insured had filed an action. *See Witt v. State Farm Mut. Auto. Ins. Co.*, 942 P.2d 1326, 1327 (Colo. App. 1997) (holding the plaintiff was not entitled to prejudgment interest from UIM carrier on settlement amount negotiated with tortfeasor, and the plaintiff's decision to settle waived right to seek prejudgment interest). Instead, the statute establishes the conditions upon which the insured's right to interest exists, and it uses specific language to do so, including the following: "[i]n all actions brought"; "it is lawful for the plaintiff *in the complaint* to claim interest on the damages alleged *from the date said suit is filed*"; "[w]hen such interest is so claimed, it is the duty of the court *in entering judgment for the plaintiff* in such action *to add to the amount of damages assessed by the verdict of the jury, or found by the court,* interest on such amount." § 13-21-101(1) (emphasis added).

¶ 12      Significantly, *USAA* also did not address an issue applicable here that had been previously resolved by the court of appeals in *Parker v. USAA*, 216 P.3d 7, 13-14 (Colo. App. 2007), *aff'd*, 200

P.3d 350 (Colo. 2009), holding that an insured was not entitled to recover prejudgment interest on the settlement amount from his UM/UIM carrier.

¶ 13    We therefore conclude that the trial court correctly determined that Munoz was not entitled to prejudgment interest in the settlement reached with American Family prior to litigation.

### III. Conclusion

¶ 14    The judgment is affirmed.

JUDGE HAWTHORNE and JUDGE FREYRE concur.