Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 10, 2018

**2018 CO 68**

**No. 17SC247, <u>Munoz v. Am. Fam. Ins. Co.</u>—Prejudgment Interest—Statutory
<u>Interpretation</u>**

In this case, the supreme court considers whether an insured is entitled to collect

prejudgment interest when he settles an uninsured motorist claim with his insurer.  We

hold that, under the plain language of the prejudgment interest statute, § 13-21-101,

C.R.S. (2017), an insured is entitled to prejudgment interest only after (1) an action is

brought, (2) the plaintiff claims damages and interest in the complaint, (3) there is a

finding of damages by a jury or court, and (4) judgment is entered.  Because Munoz did

not meet all of these conditions, this court concludes he is not entitled to prejudgment

interest.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

**2018 CO 68**

**Supreme Court Case No. 17SC247**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 16CA416

**Petitioner:**

Joel Munoz,

v.

**Respondent:**

American Family Mutual Insurance Company.

**Judgment Affirmed**
*en banc*
September 10, 2018

**Attorneys for Petitioner:**
Franklin D. Azar & Associates, PC
Patricia A. Meester
Keith R. Scranton
 *Aurora, Colorado*

Levy Law, P.C.
Marc R. Levy
 *Englewood, Colorado*

**Attorneys for Respondent:**
Campbell Latiolais & Averbach, LLC
Clifton J. Latiolais, Jr.
 *Denver, Colorado*

**Attorneys for Amici Curiae Colorado Civil Justice League and Colorado Defense Lawyers Association:**

Taylor Anderson, LLP
Lee A. Mickus
*Denver, Colorado*

**Attorneys for Amicus Curiae The Colorado Trial Lawyers Association:**
The Gold Law Firm, LLC
Michael J. Rosenberg
*Greenwood Village, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

2

¶1    In this matter, we consider whether an insured is entitled to collect prejudgment interest when he settles an uninsured motorist claim ("UM claim") with his insurer in lieu of filing a lawsuit and proceeding to judgment.[1]  We hold that, under the plain language of the prejudgment interest statute, § 13-21-101, C.R.S (2017), an insured is entitled to prejudgment interest only after (1) an action is brought, (2) the plaintiff claims damages and interest in the complaint, (3) there is a finding of damages by a jury or court, and (4) judgment is entered.  Because Munoz did not meet all of these conditions, he is not entitled to prejudgment interest.  We therefore affirm the court of appeals.

## I.  Facts and Procedural History

¶2    After Joel Munoz was injured in a car crash with an uninsured motorist, he filed a UM claim with his insurer, American Family Insurance Company ("American Family").  During settlement negotiations, Munoz asked American Family to include prejudgment interest in its offer, but it declined to do so, stating that because prejudgment interest is required only after a judgment, it would not consider interest in settlement negotiations.

---

[1] Specifically, we granted certiorari to review the following issue:

1. Whether, pursuant to section 10-4-609(4), C.R.S. (2016), an insured is "legally entitled" to prejudgment interest under section 13-21-101(1), C.R.S. (2016), when the insured chooses to settle an uninsured motorist claim with his insurer in lieu of filing a lawsuit and proceeding to judgment.

¶3     American Family ultimately offered Munoz $10,008 to settle his claim, not including prejudgment interest. Munoz stated that he would accept the offer, but again asked American Family to add prejudgment interest, suggesting that he would otherwise sue. American Family did not consider that a true acceptance, and the parties were unable to resolve their dispute.

¶4     Munoz then sued. In his complaint, he alleged that American Family had breached its contract by refusing to pay all that he was entitled to under the uninsured motorist policy, which he viewed as including prejudgment interest. Munoz also alleged that American Family did not have a reasonable basis to deny him this benefit and that it had acted in bad faith by compelling him to litigate his claims to recover his full benefits.

¶5     Munoz then filed a motion for determination of law, asking the court to decide whether an insurance company must pay prejudgment interest on money received from a settlement. Munoz argued that according to this court's opinion in USAA v. Parker, 200 P.3d 350 (Colo. 2009), American Family was required to pay prejudgment interest on its settlement offer. Parker stated that the uninsured motorist statute, § 10-4-609(4), C.R.S. (2017), requires that an insured be able to recover the same amount of damages from an insurance company as he would from a direct action against the tortfeasor. 200 P.3d at 353. Because prejudgment interest is an element of damages, Munoz reasoned that he should be able to recover interest from the insurance company.

¶6     The trial court disagreed. It concluded that American Family was not required to include prejudgment interest in any settlement offer because the claim did not result in

4

a judgment through litigation. In so doing, the trial court distinguished <u>Parker</u>, finding that it did not address whether an insurer must pay prejudgment interest on a settlement, and ruling that requiring an insurer to do so would be contrary to the uninsured motorist statute and lead to "an inconsistent and bizarre result."[2]

¶7 Munoz then appealed the trial court's determination of law. The court of appeals agreed with the trial court, holding that insurance companies are not required to pay prejudgment interest on a settlement. <u>Munoz v. Am. Family Ins. Co.</u>, 2017 COA 25, ¶ 1, __ P.3d __. The division looked to the plain language of section 13-21-101 and concluded that a court's authority to award prejudgment interest exists only "if a plaintiff has lawfully requested prejudgment interest, there is a jury verdict or court finding that the plaintiff has damages, and a judgment is entered." <u>Id.</u> at ¶ 10. Because those prerequisites were not met here, the court of appeals concluded that Munoz was not entitled to prejudgment interest. <u>See</u> <u>id.</u> at ¶¶ 10–13. The division also agreed with the trial court's interpretation of <u>Parker</u>, stating that while some language from that opinion could be construed to support Munoz's position, the opinion read as a whole does not imply that an insured may collect prejudgment interest without first filing an action and proceeding to judgment. <u>Id.</u> at ¶¶ 11–12.

¶8 Munoz filed a petition for certiorari, which we granted.

---

[2] After the trial court's ruling, the parties settled their remaining claims, understanding that the settlement did not resolve the dispute over prejudgment interest.

## II. Standard of Review

¶9     We review questions of law and statutory interpretations de novo. <u>Goodman v. Heritage Builders, Inc.</u>, 2017 CO 13, ¶ 5, 390 P.3d 398, 401. In interpreting a statute, we attempt to discern the General Assembly's intent first by looking to the text of the statute and giving words and phrases their plain and ordinary meaning. <u>State Farm Mut. Auto. Ins. Co. v. Fisher</u>, 2018 CO 39, ¶ 12, 418 P.3d 501, 504. Only if the language is ambiguous do we then resort to other interpretive rules of statutory construction; if the language is clear, we apply it as written. <u>Id.</u>

## III. Analysis

¶10     In deciding whether Munoz is entitled to prejudgment interest, we first turn to the text of the applicable statute. We conclude that the plain language of section 13-21-101 requires that certain conditions be met for a party to receive prejudgment interest, and because Munoz did not meet these conditions, he is not entitled to prejudgment interest.

¶11     Section 13-21-101 governs whether and when a party is entitled to collect prejudgment interest. It requires that the court add prejudgment interest to the damages claimed by the plaintiff and assessed by the fact-finder:

> In all <u>actions brought</u> to recover damages for personal injuries . . . it is lawful for the plaintiff <u>in the complaint</u> to claim interest on the damages claimed from the date the action accrued. When such interest is claimed, it is the duty of the court <u>in entering judgment for the plaintiff in the action to add to the amount of damages assessed by the verdict of the jury, or found by the court</u>, interest on such amount . . . .

6

§ 13-21-101(1) (emphases added). As the court of appeals noted, there are several clauses in the statute indicating that prejudgment interest applies only after a judgment. The following conditions must be met: (1) an action must be brought, (2) the plaintiff must claim damages and interest in the complaint, (3) there must be a finding of damages by a jury or the court, and (4) judgment must be entered. See Munoz, ¶ 10. The statute is not ambiguous. It requires that all four conditions be satisfied for prejudgment interest to be awarded.

¶12    A pre-claim settlement does not satisfy any of these four conditions. When parties reach a settlement prior to litigation, no action is brought, no damages or interest are claimed in a complaint, no finding of damages is made by a jury or court, and no judgment is entered. Such was the case here when American Family offered the settlement; none of the conditions had been met, and so American Family was not required to include prejudgment interest. And while Munoz has now filed an action and demanded damages and interest in his complaint—thereby technically meeting the first two requirements—he did so to determine whether he was entitled to prejudgment interest on the settlement offered rather than to obtain a judgment on his underlying claim. Thus, he has not met the required conditions to be entitled to prejudgment interest.

¶13    This reading of the statute is consistent with what we have previously held to be its purpose: "[T]o compensate the plaintiff for the time value of the amount of his or her judgment." Morris v. Goodwin, 185 P.3d 777, 780 (Colo. 2008); see also Seaward Constr. Co. v. Bradley, 817 P.2d 971, 975 (Colo. 1991) ("The interest is compensatory and is

7

awarded to indemnify the plaintiff for the loss of earnings on that money due to its delayed payment." (quoting Coale v. Dow Chem. Co., 701 P.2d 885, 890 (Colo. App. 1985))). When deciding whether to pursue a settlement or proceed to trial, parties must weigh the benefit of an earlier resolution and the risk of going to trial. Judgments as a result of a trial can take a long time to obtain, so the General Assembly has decided to compensate a party for that waiting period. Though there is also some waiting period before resolution by settlement, if the General Assembly had wanted to award interest for that time period, it would have written the statute to reflect that outcome. It did not.

¶14 While Munoz attempts to argue otherwise, we find those arguments unconvincing. Munoz first points to two cases—Morris and Seaward—where we held that section 13-21-101 was ambiguous, urging us to do the same here. In those cases, however, we interpreted section 13-21-101 in materially different contexts.

¶15 In Morris, we held that the statute was ambiguous as to how to calculate prejudgment interest, not as to when a party was entitled to prejudgment interest. 185 P.3d at 779–80. In Seaward, we considered whether the court should award prejudgment interest on punitive damages. 817 P.2d at 975. We found that because the statute did not expressly say whether prejudgment interest applies to punitive damages, and because language in the statute could be construed either way, the statute was ambiguous on that point. See id. at 974 (highlighting that the language "personal injuries sustained" and "damages claimed" suggests interest is available for only compensatory damages, but that the language "damages assessed by the verdict of the jury" suggests interest is available for punitive damages as well (emphases added)).

8

But because both punitive damages and compensatory damages presuppose litigation and judgment, the ambiguity identified in Seaward is irrelevant to our interpretation here.

¶16    Munoz also relies on Parker, where we considered which statute a court should calculate prejudgment interest under when an insured succeeds in a UM claim against his insurer.  200 P.3d at 353.  In that case, Parker was injured in an accident by a motorist who could not completely cover his damages.  Id. at 354.  He filed a UM claim with his insurance company and ultimately received a judgment against the company at trial.  Id.  A dispute then arose as to whether the insurance company owed Parker prejudgment interest under the personal injury statute, calculated at nine percent per annum, see § 13-21-101(1), or the wrongful withholding statute, calculated at eight percent per annum, see § 5-12-102(1)(b), C.R.S. (2017).  Parker, 200 P.3d at 354–56.

¶17    In answering this question, we stated that the uninsured motorist statute entitles an insured to recover all the damages that he could recover in an action directly against the tortfeasor, and that prejudgment interest is a form of damages.  Id. at 358.  We concluded, therefore, that an insured may recover prejudgment interest against an insurer.  See id.  Following this reasoning, we held that because prejudgment interest in a direct action against a tortfeasor is calculated under the personal injury statute at nine percent per annum, so too must prejudgment interest be calculated in a case against an insurer.  Id. at 359.  Otherwise, an insured would recover less in a case against an insurer than in one directly against the tortfeasor, in violation of the uninsured motorist statute.  See § 10-4-609(4).

9

¶18    Munoz extrapolates the holding and language in <u>Parker</u> to mean that he is entitled to prejudgment interest against his insurer in this case.  But <u>Parker</u> did not hold that an insured is entitled to collect prejudgment interest when he <u>settles</u> a claim with his insurer.  Instead, it pertained to collecting prejudgment interest from an insurer only after obtaining a <u>judgment</u> against said insurer.  <u>See</u> <u>Parker</u>, 200 P.3d at 354 (explaining that the case against the insurer was tried to a jury, and after a mistrial and stipulation to a court decision, the trial court awarded the insured a judgment including damages).  Munoz also argues that without prejudgment interest he would recover less against his insurer than in a direct action against the tortfeasor (just like the plaintiff in <u>Parker</u>).  But again, Munoz is comparing a judgment to a settlement.  Thus, the outcomes could be different regardless of whether they were against a tortfeasor or an insurer.  Under the proper comparison, Munoz is actually in the exact same position as a plaintiff who sues a tortfeasor.  Neither receives prejudgment interest if they settle, and both may receive prejudgment interest if a jury or court awards a judgment in their favor.

¶19    Hence, an insured is not entitled to collect prejudgment interest against an insurer on a settlement.

## IV.  Conclusion

¶20    The text of section 13-21-101 is unambiguous, and we are unpersuaded by Munoz's arguments in the alternative.  As a result, we hold that under the plain language of section 13-21-101, an insured is entitled to prejudgment interest only after (1) an action is brought, (2) the plaintiff claims damages and interest in the complaint, (3) there is a finding of damages by a jury or the court, and (4) judgment is entered.

Because Munoz did not meet all of these conditions, he is not entitled to prejudgment interest. We therefore affirm the court of appeals.